235 F.2d 454
 Barbara ARRAMONE, a minor, by and through her guardians ad litem, Dominick N. Arramone and and Mary I. Arramone, Appellants,
v.
John A. PROWSE, as administrator of the Estate of Alvin Prowse, also known as Alvin I. Prowse, Deceased, Appellee.
 No. 14911.
 United States Court of Appeals Ninth Circuit.
 June 8, 1956.
 
 Stutsman, Hackett & Nagel, Gerald W. Stutsman, Fenton B. Hackett, J. J. Nagel, Fresno, Cal., for appellants.
 Fitzwilliam & Memering, Sacramento, Cal., for appellees.
 Before HEALY and CHAMBERS, Circuit Judges, and HAMLIN, District Judge.
 HEALY, Circuit Judge.
 
 
 1
 Appellant, at age seventeen, suffered injuries in a collision between an automobile in which she was a passenger and a truck owned and operated by appellee's intestate, Prowse. Her injuries consisted mainly of facial lacerations of an apparently extensive nature, plus the loss of four teeth; and it is around these injuries that the bulk of the argument here has revolved.[1] Through her parents as guardians ad litem appellant brought suit, and the jury empaneled in the case awarded general damages in her favor in the sum of $6,000. The jury returned also a verdict in the amount of $4,000 in favor of the parents for present and prospective expenses of hospitalization, surgical and dental care, and other expenses incurred or to be incurred in the treatment of the daughter.[2]
 
 
 2
 No complaint is made by the parents with respect to the adequacy of the award to them of past and prospective costs of treatment. We understand that they consider the verdict in this respect to be adequate. But on behalf of the daughter the parents moved for a new trial, grounding the motion on the contentions that the general damages awarded her are inadequate and that the verdict in this respect is against the evidence. The court denied the motion, and this appeal followed.
 
 
 3
 The accident occurred in August 1953, and the trial was not had until April of 1955 — a year and eight months later. In the interim, so the record shows, an extensive amount of plastic surgery had been performed on the girl's face and as of the time of the trial the surgery was still not complete. The parties are in agreement that the surgeon who did the work is a man of exceptional skill and extensive experience in his field. Shortly after the accident a number of photographs of appellant had been taken, and these were introduced in evidence on the trial. The record before us contains these exhibits, and an inspection of them serves to indicate the extent of the girl's facial disfigurement originally. But when the case was tried the judge and the jury had the young lady herself before them for a period of some four days and were in position to observe the extent of the obliteration of the scars and of the improvements wrought in her facial appearance through the surgery performed in the interim.
 
 
 4
 We of this court, however, have had no opportunity of judging the extent or perfection of the surgical achievements in the obliteration of the disfigurements. We can only assume that the verdict represents an honest and conscientious appraisal by the jurors of the amount fairly to be awarded as general compensation. Our power to interfere with the court's denial of a new trial is in any event very limited. Certainly we can not say that its order in this respect constituted an abuse of discretion, or that it amounted to an error of law.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 There is also testimony, given by the girl's mother, as to other conditions said to exist, but this testimony has little if any support on the part of other witnesses for appellants, and may not have been found by the jury to be persuasive
 
 
 [2]
 The record discloses that as of the time of the trial the total expense that had been incurred by the parents amounted to $2,619.21